UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAFAEL CARREON, Individually and on Behalf   :
of All Other Persons Similarly Situated,        :
                                     :
                  Plaintiffs,        :
                                     :   **PRELIMINARY PRE-TRIAL**
       -against-            :   **STATEMENT**
                                     :
BEM BOLADO FOOD CORP, a New York    :
corporation, BARDOLINO'S RESTAURANT   :
CORP., a New York corporation, and VALBER  :
ROQUE JUNIOR, Individually,         :
                                     :
                 Defendants.     :
------------------------------------------------------------------X

a.     A concise statement of the nature of this action.

      Plaintiff brings this action on behalf of himself and similarly situated employees for Defendants' alleged failure to pay Plaintiffs overtime pay in violation of state and federal law.

b.     A concise statement of each party's position as to the basis of the Court's jurisdiction.

      Defendant objects to Jurisdiction pursuant to Fair Labor Standards Act 216 (b) on the basis that Plaintiff's action presently only involves one claimant and should not qualify as a "Collective Action"; Defendant objects to Valber Roque Junior being sued Individually.

      Plaintiff believes this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiff has asserted <u>collective</u> action allegations under the Fair Labor Standard Act 216(b), not <u>class</u> action allegations under Federal Rule 23(b).

c.     A concise statement of all material uncontested or admitted facts.

      Essentially, Defendant at this point only admits that he owns/operates the corporations named in this action and that Rafael Carreon may have worked at one of the establishments.

d.     A concise statement of all uncontested legal issues.

None known at this time.

e.       A concise statement of all legal issues to be decided by the Court.

Whether this action can be maintained as a Collective Action pursuant to Fair Labor Standards Act 216 (b); whether a violation of FLSA 29 U.S.C.Sect.201, 207, 211, 2155, 216 occurred;

Whether this court has jurisdiction to decide this case.

f.       Each party's concise statement of material disputed facts.

Defendants material disputed facts-whether or not plaintiff did work overtime; In the event plaintiff worked overtime was he paid at an overtime rate; Whether or not Plaintiff has a cause of action or established a Prima Facie case.

g.       A concise statement of the legal basis of each cause of action.

Cause of Action: Federal Overtime Violation

As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

Cause of Action: State Overtime Violation

Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

h.       A concise statement of the legal basis for each defense asserted or expected to be asserted with citations.

Plaintiff failed to state a cause of action; Court Lacks Jurisdiction; Matter should be a "Collective Action",, Plaintiff has only one party at this time.

i.       A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.

Defendant:       The measure of proof on all of the defenses rests on the plaintiff to produce other parties to this action and to set forth exact dates and times as to when plaintiff worked overtime and was not paid.

Plaintiff:        The burden falls on the Defendants to produce all employment records.

j.        Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines thereof.

Plaintiff requests thirty days to amend its Answer to add an additional defendant, and to allege an additional cause of action under state law for failure to pay spread of hours wages.

k.        Consent to have case tried by a magistrate judge.

All parties have not consented to trial by magistrate judge.

l.        Changes to form of disclosure required under Rule 26(a)

Defendant would require at least 3 months from the initial conference to gather necessary disclosure.

m.        The subjects on which disclosure may be needed and a proposed discovery cut-off date.

Subjects of disclosure would involve time and payment records of defendants; Plaintiffs payment records and work schedule; Depositions of all parties; 3-6 months time for discovery.

n.        Whether and to what extent expert discovery will be required, and proposed deadlines.

None.

o.        What, if any, limitations should be made in the limitations on discovery imposed under the Federal Rules.

None at this time.

p.        Status of settlement discussions.

Both parties need substantial discovery from both sides prior to offering any settlement.

q.        Whether case should be tried with a jury and number of days expected.

Defendant does not believe this case should be tried with a jury and expects a trial to last two to three days.

Plaintiff has requested a jury trial and believes a trial would last three to four days.

r.   Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or 16(b) and (c).

None at this time.


So Ordered


_____
FCJ