UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAFAEL CARREON, Individually and on Behalf :
of All Other Persons Similarly Situated, :
 :
                               Plaintiffs, :    **FIRST AMENDED**
 :    **COMPLAINT AND**
      -against- :    **JURY DEMAND**
 :
BEM BOLADO FOOD CORP, a New York :
corporation, BARDOLINO'S RESTAURANT :    07 CV 3633
CORP., a New York corporation, :    (LTS) (KNF)
ANHANGUERA FOOD CORP., a New York :
Corporation, and VALBER ROQUE JUNIOR, :
Jointly and severally, :
 :
                               Defendants. :
------------------------------------------------------------X

## NATURE OF THE ACTION

1.    Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.    Plaintiff alleges, on behalf of himself, that under Section 6 of FLSA (29 U.S.C. §206) and the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is entitled to unpaid minimum wages from Defendants, unpaid overtime compensation from Defendants, unpaid spread of hours wages from Defendants, damages equal to 25 percent of his unpaid minimum wages under New York Labor Law; and attorneys fees and costs.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, Rafael Carreon, at all relevant times, an adult individual, residing in Queens County.

7. Upon information and belief, Defendant BEM BOLADO FOOD CORP. is a New York corporation, with its principal place of business in New York County.

8. Upon information and belief, Defendant BARDOLINO'S RESTAURANT CORP. is a New York corporation, with its principal place of business in New York County.

9. Upon information and belief, Defendant ANHANGUERA FOOD CORP. is a New York corporation, with its principal place of business in New York County.

10. Upon information and belief, Defendant VALBER ROQUE JUNIOR is a New York State resident.

## COLLECTIVE ACTION ALLEGATIONS

11. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by

Defendants at any time since May 8, 2004 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek (the "Collective Action Members").

12.   This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 100 members of Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

13.   Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

14.   A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

15. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

   b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   c. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

   d. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

   f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

   g. whether Defendants should be enjoined from such violations of the FLSA in the future.

16. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

17. At all relevant times, Defendants maintained and operated restaurants in New York County.

18. Plaintiff worked as a cook and performed related duties. Plaintiff often worked over forty (40) hours per week. Plaintiff often worked ten (10) or more hours per day. Plaintiff often worked six days a week. Plaintiff was paid on a day rate basis with no extra overtime pay. Plaintiff did not receive an extra hour of pay at the applicable overtime rate for each day plaintiff worked ten or more hours a day.

19. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

20. Plaintiff, on behalf of himself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 19 as if they were set forth again herein.

21. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22. At all relevant times, Defendants employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

23. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

24. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

25. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

26. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

27. Defendants willfully failed to pay Plaintiff for his last days of work, which constitutes a failure to pay minimum wage, in violation of Section 6 of FLSA (29 U.S.C. §206).

28. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

29    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

30.   Due to the Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from the Defendants, their unpaid minimum wages, overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

31.   Plaintiff, on behalf of himself, realleges and incorporates by reference paragraphs 1 through 30 as if they were set forth again herein.

32.   At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

33.   Defendants willfully violated Plaintiff's rights by failing to Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

34.   Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff the minimum wage for the first forty hours of work performed in each week, in violation of N.Y. Labor Law § 592(1).

35. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day he worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.4.

36. The Defendants' New York Labor Law violations have caused Plaintiff and the irreparable harm for which there is no adequate remedy at law.

37. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, overtime compensation, spread of hours compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e.  An award to Plaintiff of unpaid minimum wage compensation due under the FLSA and the New York Labor Law;

f.  An award to Plaintiff if unpaid spread of hours compensation due under the New York Labor Law;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

h.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage, overtime and spread of hours compensation pursuant to the New York Labor Law;

i.  An award of prejudgment and postjudgment interest;

j.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
September 19, 2007

By: _____
Justin A. Zeller (JZ 7094)

Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14th Street, 5th Floor
New York, New York 10038
Telephone: (212) 860-9169
Facsimile: (917) 421-9387

**ATTORNEY FOR PLAINTIFF AND THE PROPOSED CLASS**

## NOTICE OF CONSENT TO JOIN

The undersigned, _Rafael Carreon_, hereby consents, pursuant to 29 U.S.C. §216(b) to become a party plaintiff in this action.

5/7/07
DATE

_[signature]_
CLIENT SIGNATURE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the attached First Amended Complaint, has been served via U.S. Mail to Defendants, at The Law Offices of McCulloh & Weiss, LLC, 868 Little East Neck Road, West Babylon, NY 11704, this 19th day of September 2007.

                                            THE LAW OFFICE OF JUSTIN A . ZELLER, P.C.
                                            251 West 14th Street, 5th Floor
                                            New York, NY 10011
                                            Tel: 212-860-9169
                                            Fax: 917-421-9387
                                            E-Mail: **jazeller@zellerlegal.com**

                                            JUSTIN A. ZELLER
                                            JZ 7094

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RAFAEL CARREON, Individually and on Behalf
of All Other Persons Similarly Situated,

                      Plaintiffs,

            -against-

BEM BOLADO FOOD CORP, a New York
corporation, BARDOLINO'S RESTAURANT
CORP., a New York corporation,
ANHANGUERA FOOD CORP., a New York
Corporation, and VALBER ROQUE JUNIOR,
Jointly and severally,

                      Defendants.
-------------------------------------------------------X

**STIPULATION AND ORDER PERMITTING PLAINTIFF TO FILE AMENDED COMPLAINT**

07 CV 3633
(LTS) (KNF)

        IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED, AND ORDERED AS FOLLOWS:

        1. Plaintiff is hereby permitted to filed the attached Amended Complaint, adding ANHANGUERA FOOD CORP as a Defendant, adding a cause of action for unpaid minimum wages, and adding a cause of action for unpaid spread of hours wages; and

        2. Counsel for Defendant agrees to accept service of the Amended Complaint for all Defendants.

THE LAW OFFICE OF
JUSTIN A. ZELLER, P.C.

_____
Justin A. Zeller (JZ 7094)
Attorneys for Plaintiffs
251 West 14th Street, 5th Floor
New York, NY 10011
Tel: (212) 860-9169
Fax: (917) 421-9387

THE LAW OFFICE OF
McCULLOH & WEISS, LLC

_____
William McCulloh
The Law Office of McCulloh & Weiss
868 Little Neck Road
West Babylon, NY 11704
Tel: (631) 422-1500
Fax: (631) 422-1559

SO ORDERED:

_____ 9/18/2007
Judge Laura Taylor Swain
U.S.D.J.